### In re William Charles BLANKSTYN, Debtor.

### William Charles BLANKSTYN, Plaintiff,

### v.

### KNUTSON MORTGAGE CORPORATION, aka Knutson Mortgage Company, fka Knutson Mortgage and Financial Corporation, and Mark S. Bosco, and C.T. Corporation System, statutory agent, Defendants.

Bankruptcy No. B-97-00034-PHX-RGM. Adversary No. 97-00244.

United States Bankruptcy Court, D. Arizona.

June 13, 1997.

William Charles Blankstyn, Phoenix, AZ, Pro Se.

Leonard J. McDonald, Jr., Tiffany & Bosco, P.A., Phoenix, AZ, for Knutson Mortgage Corp.

Russell A. Brown, Phoenix, AZ, Chapter 13 Trustee.

ROBERT G. MOOREMAN, Bankruptcy Judge.

This matter is before the Court pursuant to Knutson Mortgage Corporation and Mark S. Bosco's ("Knutson Mortgage" and "Bosco," collectively, "Defendants") Motion to Dismiss. A hearing was held June 3, 1997 after which the matter was taken under advisement. After due consideration of the pleadings, the record herein, and under the present posture of the case, the Court finds and concludes the following in making its decision.

1. Debtor filed a voluntary Chapter 13 Bankruptcy petition on January 2, 1997 [1] and listed 16213 South 35th Street, Phoenix, AZ 85044 as Debtor's street address.

2. Debtor filed his original Schedules and Statement of Affairs in this case on January 13, 1997. The original Schedules listed no interest in real property, and did not list Knutson Mortgage as a creditor of the estate. Debtor did not list any other creditors in the original schedules, except for Arizona Central Credit Union VISA Dept. for a claim of $1,250.00 for credit card purchases through November 1996. Debtor's total liability listed on all of the Schedules is $1,250.00.

3. Debtor failed to include a Social Security Number on the original petition, and the Chapter 13 Trustee requested that the Debtor be required to amend the petition. The Court entered an order requiring the Debtor to file an amended petition.

4. Debtor filed an amended petition on January 24, 1997. The amended petition lists Debtor's Social Security Number as 327–42–9703.

---

1. The Court notes that this is the second Chapter 13 Bankruptcy case filed by this Debtor. Debtor's first Chapter 13 case, Number 92–13577–PHX–GBN, was filed November 13, 1992. The docket indicates that the Debtor filed a motion to dismiss and the court entered the order dismissing the case on May 31, 1995; the case was formally closed on May 7, 1996. A review of the docket of Debtor's first Bankruptcy case indicates there were no adversary proceedings involving Knutson Mortgage, nor was Knutson Mortgage identified in any of the docket entries. However, the Court also notes that the docket indicates, as part of the Debtor's first Bankruptcy case, that the Debtor was involved as a plaintiff in three adversary proceedings with the Internal Revenue Service. Adversary Case Nos. 93–00185 (to determine validity, priority, or extent of lien) 94–00759 (to recover money or property); and 94–00716 (to determine dischargeability of debt). In each of the three cases, the court granted summary judgment against the Debtor and/or dismissed the case. The Court takes judicial notice of the dockets relating to Debtor's previous Bankruptcy case and the attendant Adversary proceedings.

5. On April 18, 1997, Debtor filed an amended Schedule B, listing five promissory notes as assets totaling $214,673.00. Debtor indicated in the attachments to the amended Schedule B that the Debtor was not in possession of the promissory notes, but that any promissory notes executed by the Debtor must be listed as assets of the estate. The Debtor further indicates that he has attempted to contact Knutson Mortgage Company, GMAC Mortgage Corporation, Countrywide Home Loans, Associates Financial Services, and Bank One Mortgage Corporation and has requested that each of these entities return the promissory notes, but that the entities have refused to do so. The amended Summary of Schedules now indicates that Debtor has a total of $215,943.00 in assets which consist entirely of personal property assets. Debtor did not amend Schedule A to include any claimed interest in real property. As with the original Schedules, the amended Summary of the Schedules only shows creditor's claims totaling $1,250.00, which is the entire amount of liabilities listed on the Summary.

6. Debtor filed the instant Adversary Complaint on April 18, 1997. Debtor's Complaint is convoluted and rambling, and appears to be an attempt to utilize the Bankruptcy Court as a "Common Law Court" and to invoke the federal "Common Law" as a basis for relief. The first cause of action generally seeks to nullify the Proof of Claim filed by Mark S. Bosco on behalf of the Knutson Mortgage Corporation based on the allegation that the Proof of Claim does not comply with the official form or include the required documentation. The second cause of action seeks to nullify the pending trustee's sale and declare that Knutson Mortgage is not a creditor of the Debtor and that the promissory note held by Knutson Mortgage is invalid because it does not contain the signature of the Debtor. The Debtor included as exhibits to the Adversary Complaint copies of Knutson Mortgage's Proof of Claim and the Promissory Note (hereinafter the "Knutson Mortgage Promissory Note"), Deed of Trust, Multistate Adjustable Rate Note, and a Multistate Adjustable Rate Rider concerning the subject property, 16213 South 35th Street, Phoenix, Arizona 85044.

7. The Promissory Note, Deed of Trust and other documents attached to the Complaint identify the subject real property and appear to be executed and signed by the Debtor as a borrower.

8. Defendants filed the Motion to Dismiss on May 9, 1997. In the Motion to Dismiss, Defendants argue that this Court does not have jurisdiction over the subject matter of the Complaint because this is the second action filed by Debtor regarding his indebtedness to Knutson Mortgage within the last few months. The first action was filed by the Debtor pre-petition in the United States District Court for the District of Arizona, case number CIV96–2489–PHX–EHC. The Defendants included as an exhibit to their Motion to Dismiss the Adversary Complaint a copy of the Debtor's Complaint filed in the District Court. The Defendants, Knutson and Bosco, filed a Motion to Dismiss the lawsuit filed in the District Court and the Honorable Earl H. Carroll granted the Motion to Dismiss, and on January 28, 1997 a take nothing judgment was entered against the Debtor. The Debtor then filed additional pleadings in the District Court which Judge Carroll treated as Motions for Reconsideration, which were also denied. The Defendants also indicated that the Debtor has filed an Application for Writ of Mandamus to the Ninth Circuit Court of Appeals and that the Application is currently under consideration by the Court of Appeals. The Defendants, in addition to their arguments of collateral estoppel and issue preclusion as a result of the District Court's prior ruling, also argue that the Complaint should be dismissed under Fed.R.Bankr.P. 7012(b)(6) because the Complaint fails to state a claim upon which relief may be granted.

█ The Court finds and concludes that the Complaint filed by the Debtor in the District Court lawsuit, Case No. CIV96–2489–PHX–EHC, alleges the same conduct and causes of action against the Defendants as the Complaint filed in this Adversary proceeding. Judge Carroll Dismissed the District Court Complaint with prejudice for failure to state a claim and also denied the subsequent requests that the District Court

determined to be motions for reconsideration. The Court finds and concludes that the issues have been fully litigated in the District Court and that the Debtor is attempting to re-litigate the matter. The principles of collateral estoppel and issue preclusion apply in this case and the Complaint can be dismissed on that basis alone.

The Court also finds and concludes, upon review of the Complaint, in addition to the collateral estoppel and issue preclusion previously identified, that the Debtor has failed to state a claim upon which relief may be granted and that the Complaint shall be dismissed under Fed.R.Bankr.P. 7012(b)(6).

■ Upon review of the Debtor's original and amended Schedules and Statement of Affairs, and in light of today's ruling on the dismissal of the Adversary Complaint and the District Court's prior rulings, the Court finds and concludes that the Bankruptcy case is essentially an attempt to remove the voluntary liens on Debtor's residence by way of the Debtor alleging that he never signed the documents creating the liens.[2] The Debtor has indicated in the attachments to the amended Schedules that a number of Promissory Notes exist, including one with Knutson Mortgage, but that the Debtor has been unable to persuade the various note holders to return the notes, which he claims are assets of the Bankruptcy estate; Debtor also states in his Adversary Complaint that he has paid some $90,674 to Knutson Mortgage; Debtor has also included signed copies of the documents creating the secured liens and the signatures appear to be those of the Debtor. Based on the foregoing, this Court finds Debtor's claims that he did not sign the Knutson Promissory Note, Deed of Trust, or other documents as not credible nor meritorious and that this Debtor, having failed in the District Court lawsuit, is attempting to abuse the Bankruptcy process in order to remove the voluntary liens without any legal authority to do so.

The Court notes, although not listed in Debtor's Schedules, that considerable claims have been filed by both the Internal Revenue Service ("IRS") and the Arizona Department of Revenue ("AZ DOR"). The Court also notes that the Debtor had been involved in Adversary proceedings with the IRS in Debtor's previous Bankruptcy case, No. 92–13577–PHX–GBN, and that the Debtor had lost on motions for summary judgment and/or motions to dismiss in each of the cases to determine the extent of liens or interest, dischargeability of debt, and attempted recovery of money. See Footnote 1. The Court finds and concludes that the Debtor, through his prior Bankruptcy case had knowledge of at least the IRS tax claims, but failed to list such claims, disputed or otherwise, on either the original or amended Schedules. The IRS has filed a Proof of Claim in the instant case which asserts a total claim of $167,682.50 for taxes, consisting of a $157,682.50 secured claim and a $10,000.00 priority claim against the estate. The AZ DOR has filed an amended Proof of Claim which asserts a total claim of $16,380.85 for taxes, consisting of a $13,313.92 unsecured priority claim and a $3,066.93 general unsecured claim. The Court also notes that the Debtor's Complaint alleges that Knutson Mortgage is attempting to unlawfully take Debtor's property, but that the Debtor has not listed any real property in the original or amended Schedules.

All of the foregoing compels this Court to conclude that the Debtor lacked good faith in filing the instant Bankruptcy case, that the Debtor has filed incomplete Schedules, and that the Debtor has not exhibited any honest intention to reorganize his debts in a meaningful manner. Therefore, the Court finds and concludes, based on this record, that the case shall be dismissed for lack of good faith filing.

Accordingly,

IT IS ORDERED dismissing the Adversary Complaint for failure to state a claim upon which relief may be granted and because the matter has already been litigated in the District Court and is subject to an Application for a Writ of Mandamus to the Ninth Circuit Court of Appeals;

---

2. The Court notes that the Debtor has also just recently filed an Adversary Complaint against the Internal Revenue Service, Adv. Case No. 97–00339 (filed June 3, 1997), to determine the validity, priority, and extent of the IRS lien or interest in property.

IT IS FURTHER ORDERED dismissing the entire Bankruptcy case and all pending Adversary proceedings for lack of a good faith filing; and

IT IS FURTHER ORDERED that this is a final, appealable order hereon.

IT IS SO ORDERED.